

Case 10-92499　Filed 09/27/10　Doc 31

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

SEP 2 7 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 10-92499-D-13G |
| GREGORY D. LAWLESS and SVIDLANA LAWLESS, | Docket Control No. RDG-1 |
| Debtors. | Date: September 21, 2010<br>Time: 10:00 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On August 25, 2010, chapter 13[1] trustee Russell D. Greer (the "trustee"), filed an objection to confirmation of the chapter 13 plan proposed by Gregory D. Lawless and Svidlana Lawless (the "debtors"), bearing Docket Control No. RDG-1 (the "Objection"). For the reasons set forth below, the court will overrule the Objection.

The Objection was brought on two distinct grounds, one of which has now been withdrawn by the trustee, leaving as the only issue for determination whether the court may confirm in this case only a plan that proposes a five-year term or whether the debtors' present plan, with its three-year term, may be confirmed after Hamilton v. Lanning, 130 S. Ct. 2464 (June 7, 2010). The court concludes that Lanning did not overrule Maney v. Kagenveama (In re Kagenveama), 541 F.3d 868 (9th Cir. 2008), on this issue.

---

    1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

The Lanning decision concerned only the first issue decided by Kagenveama -- the issue of the mechanical approach versus the forward-looking approach in determining projected disposable income; the Court overruled Kagenveama on that issue. The debtor in Lanning had, according to her Form 22C, a positive monthly disposable income, and had proposed a 60-month plan. Thus, the Court had no occasion to consider whether an above-median debtor with negative monthly disposable income, as calculated on the Form 22C, may obtain confirmation of a 36-month plan. Nothing in Lanning overruled Kagenveama's holding on the issue of the applicable commitment period for above-median debtors.

In Whaley v. Tennyson (In re Tennyson), 611 F.3d 873 (11th Cir. July 16, 2010), the court examined what it considered to be the plain meaning of the statute, together with Lanning and the legislative history of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, to arrive at the conclusion that "the 'applicable commitment period' is a temporal term that prescribes the minimum duration" of a chapter 13 plan. 611 F.3d at 880. Thus, the court declined to confirm the above-median debtor's 36-month plan, despite the fact that his monthly disposable income, as calculated on his Form 22C, was a negative number. However, the court recognized that the Lanning decision "does not directly comment on the definition of 'applicable commitment period' . . . " (id. at 878), and in no way suggested that its holding was dictated by Lanning.

The Tennyson court was not bound by Kagenveama, as is this court. Whether the Kagenveama holding is correct, whether the

Ninth Circuit will ultimately reverse its holding in light of <u>Lanning</u>, and whether the United States Supreme Court will ultimately agree with or overrule <u>Kagenveama</u> are all irrelevant for present purposes.

    This court, following <u>Kagenveama</u>, concludes that because the debtors' monthly disposable income is <$251.89>, they have no projected disposable income, and therefore, the applicable commitment period does not apply and there is no requirement that they propose a five-year plan. <u>Kagenveama</u>, 541 F.3d at 877. Thus, the Objection will be overruled.

    The court will issue an appropriate order.

Dated: September 27, 2010

*/s/ Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, caused to be mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Gregory & Svidlana Lawless
420 Locamo Ct.
Oakdale, CA 95361

Todd Whiteley
P.O. Box 1950
Oakdale, CA 95361

Russell Greer
P.O. Box 3051
Modesto, CA 95353-3051

DATE: September 27, 2010

_____
Deputy Clerk